UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CLOY,

        Petitioner,

                                     CASE NO. 1:08-CV-210

v.

                                     HON. ROBERT J. JONKER

THOMAS BIRKETT,

        Respondent.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

      The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 25) and Petitioner Cloy's Objections to Report and Recommendation (docket # 27). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, which concluded that Mr. Cloy is not entitled to habeas corpus relief, is factually sound and legally correct.

In his original habeas petition, Mr. Cloy presented seven claims for relief. (Petition for Writ of Habeas Corpus, docket # 1.) In his Report and Recommendation, the Magistrate Judge carefully and thoroughly considered each claim. (See Report and Recommendation, docket # 25, 19-37.) Mr. Cloy's objections in essence reiterate arguments he raised in his original petition, all of which the Magistrate Judge rejected for good reason.

Mr. Cloy's first three habeas claims, and his first three objections, allege the admission of prejudicial evidence at trial, prosecutorial misconduct, and ineffective assistance of counsel. The three claims hinge primarily on a single unresponsive answer a detective gave at trial, along with a brief statement the prosecutor made in his rebuttal argument. (*See* Report and Recommendation at 21, 27.) Magistrate Judge Brenneman correctly found each of these claims procedurally defaulted. (Report and Recommendation, docket # 25, 19-31.) Mr. Cloy's objections fail to mention, let alone contend with, the procedural defaults. (Objections, docket # 27, 1-3.) Moreover, even if Mr. Cloy were entitled to habeas review of these claims, he would not be entitled to habeas relief on the merits of the claims. For precisely the reasons stated in the Report and Recommendation, none of the statements to which Mr. Cloy objects justifies habeas relief in this matter. (*See id.* at 25-27, 29-31.) Accordingly, Mr. Cloy's first three objections cannot succeed.

Mr. Cloy's additional objections are similarly unpersuasive. Mr. Cloy's fourth objection simply reasserts his original claim that the court's sentencing determination violated his right to due process because the court considered facts Mr. Cloy did not admit and a jury did not find beyond

a reasonable doubt. The Magistrate Judge has already correctly addressed this claim (Report and Recommendation, docket # 25, 31-32.), and Mr. Cloy's reassertion of the claim does not change the analysis.

Mr. Cloy's fifth objection concerns his claims that his trial and appellate counsel provided ineffective assistance. Specifically, Mr. Cloy restates his argument that his trial counsel did not investigate evidence before trial sufficiently to learn that while the victim had described the coat she was wearing during the assault as blue, the DNA expert described the coat she examined as grey. Mr. Cloy also restates his argument that, on appeal, his appellate counsel should have raised the issue of ineffective assistance of trial counsel. Mr. Cloy's objections, like his original claims, lack merit. Whether the victim and DNA expert described the coat as blue or grey is beside the point, because it is undisputed that at trial, both the victim and the DNA expert unequivocally identified Exhibit 11 as the coat in question.

Mr. Cloy's final objection concerns his claim that he was denied his constitutional right to have an impartial jury drawn from a fair cross-section of the community. Mr. Cloy reasserts this claim, and he seeks an evidentiary hearing on Berrien County's jury selection process. (Objections, docket # 27, at 5.) For the reasons stated in the Report and Recommendation, Mr. Cloy's claim is procedurally barred. (*See* Report and Recommendation, docket # 25, 35-36.) Moreover, the record is devoid of support for the merits of the claim. (*Id.* at 36-37.) The claim must fail.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United*

*States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Mr. Cloy has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Mr. Cloy is not entitled to the habeas corpus relief he seeks. Mr. Cloy is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 25) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DISMISSED**; and

2. Petitioner is **DENIED** a certificate of appealability.

Dated:     September 10, 2010              /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           UNITED STATES DISTRICT JUDGE